# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1417

UNITED STATES OF AMERICA

v.

NAIM ALLEN,
Appellant

_____

Appeal from
U.S. District Court for the District of New Jersey
Judge Evelyn Padin
No. 2:23-cr-00300-001

_____

Before: RESTREPO, FREEMAN, and MASCOTT, *Circuit Judges*
Submitted January 20, 2026; Decided February 2, 2026

_____

NONPRECEDENTIAL OPINION[*]

FREEMAN, *Circuit Judge*.

Naim Allen appeals his conviction and sentence for firearm and drug offenses.

Because we agree that this appeal presents no nonfrivolous issue, we will grant his

counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and

affirm the judgment.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

# I

A grand jury returned an indictment charging Allen with two counts related to events on or about September 3, 2021: (1) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and (2) possession with intent to distribute a substance containing 3,4-methylenedioxymethamphetamine and methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Several months later, Allen entered a written guilty plea agreement with the government. In the agreement, Allen agreed to plead guilty to both counts, and the government agreed not to initiate any further criminal charges against Allen for his firearm and drug activity on or about September 3, 2021. The parties also stipulated to facts supporting the charged offenses, and they agreed that a sentence in the range of 70 to 84 months' imprisonment was reasonable when accounting for the sentencing factors set forth in 18 U.S.C. § 3553(a).

The plea agreement contains an appellate waiver in which Allen agreed that, if the District Court imposed a sentence within the stipulated range, he would not challenge or seek to modify his conviction or sentence for any reason other than ineffective assistance of counsel.

The District Court conducted a colloquy during which Allen confirmed that he understood the charges against him, the potential penalties he could face, and the rights he would waive by pleading guilty. He also confirmed that he had thoroughly discussed the terms of the plea with his attorney and that he understood the terms of the plea agreement, including the appellate waiver. After establishing a factual basis for the plea

2

and determining it was knowing, intelligent, and voluntary, the District Court accepted the guilty plea.

Before sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR") that calculated an advisory Sentencing Guidelines range of 84 to 105 months' imprisonment.

During a sentencing hearing, neither party objected to the PSR's Sentencing Guidelines calculations, and the District Court adopted the Guidelines range of 84 to 105 months' imprisonment. The parties then confirmed that they did not seek any departures. After hearing argument from both sides, the District Court addressed the § 3553(a) factors and imposed a sentence of 84 months' imprisonment to be followed by three years' supervised release.

Allen filed a timely pro se notice of appeal. His counsel then moved to withdraw under *Anders* and filed a brief in support of that motion. Allen did not file a pro se brief in response to his counsel's submissions.

## II[1]

"Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." 3d Cir. L.A.R. 109.2(a). When counsel does so, we must determine "(1) whether counsel's brief

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

in support of h[is] motion fulfills the requirements of L.A.R. 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022) (citing *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)). An issue is frivolous if it "lacks any basis in law or fact." *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).

If we conclude at Step 1 that counsel has satisfied his duties, at Step 2 we may limit our review of the record to the issues counsel raised. *Langley*, 52 F.4th at 569. At both steps, our review is plenary. *United States v. Brookins*, 132 F.4th 659, 666 (3d Cir. 2025).

Counsel has satisfied his obligations under *Anders* by "thoroughly examin[ing] the record in search of appealable issues" and "explain[ing] why those issues are frivolous." *Langley*, 52 F.4th at 569. Counsel's brief identifies two possible areas of review: the validity of Allen's guilty plea and the reasonableness of his sentence. The brief then explains how the District Court conducted a thorough plea colloquy to ensure that the plea was knowing, intelligent, and voluntary; established all the requirements for a valid guilty plea; and complied with all mandatory procedures in imposing Allen's sentence. Because counsel satisfied his obligations, we confine our review to the issues counsel identified in his brief.[2]

---

[2] Counsel also took the position that Allen's appellate waiver is valid. However, the government has not asked us to enforce the appellate waiver; instead, it argues that defense counsel correctly deemed any appeal issues frivolous. Accordingly, we apply our *Anders*-motion protocol without regard to the appellate waiver. *See United States v.*

Our independent review confirms counsel's view of this appeal. First, the guilty plea is valid. The record demonstrates that Allen understood the nature of the proceedings and the options available to him, and he made a knowing and voluntary waiver of the constitutional rights associated with a trial. Before accepting the plea, the District Court established a factual basis and conducted a colloquy that satisfied all the requirements of the Constitution and Federal Rule of Criminal Procedure 11.

Second, there are no nonfrivolous challenges to Allen's sentence. The District Court followed our mandatory three-step procedure for imposing a sentence. *See United States v. Flores-Mejia,* 759 F.3d 253, 256 (3d Cir. 2014) (en banc). It did not err in adopting the Guidelines range set forth in the PSR (to which neither party objected). Upon confirming there were no motions for departure, it addressed the § 3553(a) factors and clearly explained the reasons for imposing the sentence. Moreover, any challenge to the substantive reasonableness of the sentence would be frivolous because the sentence is below the statutory maximum, within the Guidelines range, and within the range the parties agreed was reasonable. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

\*       \*       \*

---

*Goodson*, 544 F.3d 529, 534 (3d Cir. 2008) ("[T]he mere fact that a plea agreement contains a waiver of a defendant's right to file a direct appeal does not mean that the enforceability of that waiver is automatically at issue in that appeal. This is so because the government may always choose not to invoke an appellate waiver.").

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment.